# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOHN C. NELSON CONSTRUCTION, LLC**             **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:18-CV-222-KS-MTP**

**BRITT, PETERS AND ASSOCIATES, INC.,** *et al.*           **DEFENDANTS**

## ORDER

For the reasons provided below, the Court **denies** Plaintiff's Motion in Limine [75] to exclude AIA 5B03-2017, **denies** Plaintiff's Omnibus Motion in Limine [77], **grants in part and denies in part** Defendant's Motion to Strike [79] Plaintiff's Third Supplemental Discovery Responses, and **denies** Defendant's Motion in Limine [80] to Exclude Scott Addison's Testimony.

### A.   *Defendant's Motion in Limine [80] to Exclude Scott Addison's Proposed Expert Testimony*

Defendant argues that the Court should exclude any expert testimony by Defendant's witness, Scott Addison. Defendant contends that Rule 701 does not permit lay witnesses to provide opinion testimony based on specialized or technical knowledge, and that Addison's proposed testimony related to Plaintiff's alleged damages requires technical and specialized knowledge.

Plaintiff designated Addison, its general manager, as a "non-retained expert, pursuant to Fed. R. Evid. 701." Exhibit A to Memorandum in Opposition to Motion in Limine at 2, *John C. Nelson Construction, LLC v. Britt, Peters & Assocs., Inc.*, No. 2:18-CV-222-KS-MTP (S.D. Miss. Feb. 10, 2020), ECF No. 69-1. But Rule 701 does

not govern expert testimony. Rather, it provides that lay witnesses may provide opinion testimony under certain circumstances. FED. R. EVID. 701. Neither the Rules of Civil Procedure nor this Court's Local Rules require parties to designate lay witnesses providing opinion testimony. *See* FED. R. CIV. P. 26(a)(2); L.U.Civ.R. 26(a)(2). Rule 26 contemplates that expert witnesses may either be "retained or specially employed to provide expert testimony in the case" or not. FED. R. CIV. P. 26(a)(2)(B). The difference is that a retained expert must provide an expert report as required by Rule 26(a)(2), but a non-retained expert does not have to provide a report. *Id.*; *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 594 (5th Cir. 2016); *Barnett v. City of Laurel*, 2019 WL 5788312, at *6 (S.D. Miss. Nov. 6, 2019).[1] A treating physician is a typical example of a non-retained expert.

Despite Plaintiff's designation of Addison as a "non-retained expert," it is clear from Plaintiff's briefing that it intends for Addison to provide lay witness opinion testimony under Rule 701. *See* Memorandum in Opposition to Defendants' Motion in Limine at 2-3, 5, *John C. Nelson Const., LLC v. Britt, Peters & Assocs., Inc.*, No. 2:18-CV-222-KS-MTP (S.D. Miss. May 7, 2020), ECF No. 89. Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;

---

[1] Defendant cited *Miller v. IBM*, 2006 WL 6619989, at *3 (N.D. Cal. Feb. 6, 2006), for the proposition that "non-retained experts . . . may only testify as lay witnesses and must comply with Federal Rule of Evidence 701." The Court respectfully disagrees. By its own terms, Rule 701 does not apply to expert witnesses, whether retained or not. A non-retained expert is still an expert and, therefore, subject to Rule 702.

> (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. CIV. P. 701.

> Defendant argues:
>
> For the purposes of establishing [Plaintiff's] alleged delay damages in this case, there must be an evaluation of the project schedules and activities occurring during the time of the alleged delays. Specifically, there must be an in-depth analysis by a scheduling expert to evaluate, amongst other things, whether there were concurrent delays unrelated to the alleged claims for delays against [Defendant], what the cause of the delays were and/or whether the alleged delays were on critical path to justify potential delay damage.

Memorandum in Support of Motion in Limine at 81, *John C. Nelson Const., LLC v. Britt, Peters & Assocs., Inc.*, No. 2:18-CV-222-KS-MTP (S.D. Miss. Apr. 23, 2020), ECF No. 81. Defendant has not pinpointed specific opinions or testimony that it wishes the Court to exclude. Rather, it apparently wants a broad ruling that Addison's proposed opinion testimony regarding the cause of delays in the construction project is outside the scope of permissible lay opinion, and that Plaintiff is required to establish causation with testimony from a "scheduling expert."

Addison's deposition is 257 pages long. The Court declines to sift through it line-by-line, picking out the permissible lay opinions and striking the impermissible ones – particularly here, where Defendant did not bother to do so in its own briefing. This is an issue that is best addressed at trial, when the Court can hear Addison's testimony and determine whether it has the foundation required by Rule 701.

Moreover, the Court declines to issue a broad ruling that Plaintiff must use an expert to prove that Defendant's alleged negligence caused delays in the construction project. First, Defendant has not cited any authority to that effect. Second, this Court has addressed numerous construction disputes over the years, and in the undersigned judge's experience, Defendant is embellishing the degree of specialized and/or technical knowledge necessary for one to draw reliable conclusions as to whether a party's alleged negligence caused delays in a construction project.

Therefore, the Court presently **denies** this motion without prejudice to Defendant's right to raise the issue again at trial with more specificity. Before Plaintiff is allowed to present any lay opinions from Addison, it will have to lay the foundation required by Rule 701.

### B. *Plaintiff's Motion in Limine [75] to Exclude Evidence of AIA B503-2017*

Plaintiff argues that the Court must exclude any evidence of AIA B503-2017, a document published by the American Institute of Architects which, among other things, contains model contract language regarding an architect's standard of care. Plaintiff contends that the document is irrelevant to this case because 1) it is not an authoritative industry standard, 2) Defendant's contract with Plaintiff did not incorporate the document, and 3) it post-dates the events giving rise to this case. Plaintiff also contends that AIA B503-2017's probative value is outweighed by the danger of unfair prejudice.

As the Court explained in its previous opinion, "Mississippi law imposes on

4

design professionals (architects/engineers) the duty to exercise ordinarily professional skill and diligence." *Magnolia Const. Co. v. Miss. Gulf S. Eng'rs Inc.*, 518 So. 2d 1194, 1202 (Miss. 1988). AIA B503-2017 was published by an industry body, the American Institute of Architects. Among other things, it provides model contract language regarding the standard of care – that is, the parameters of professional skill and diligence – for architects. In the Court's view, it is indisputable that this document has relevance to a jury's determination of what is "ordinarily professional skill and diligence" for an architect/engineer.

It doesn't matter that the parties did not incorporate the standard in their contract, because this is a professional negligence case. Although an engineer or architect's duties can arise under a contract, the obligation to exercise ordinary professional skill and diligence arises independent of any contractual obligations. *Lyndon Prop. Ins. Co. v. Duke Levy & Assocs.*, 475 F.3d 268, 273 (5th Cir. 2007). Moreover, although the AIA document may not be binding, it is certainly relevant. In other words, it may not be *the* industry standard, but it is *an* industry standard. As for the fact that AIA B503-2017 was not issued until after the events relative to this lawsuit, the Court finds that goes to the document's weight, rather than its admissibility.

In summary, Plaintiff has numerous routes of inquiry to explore in cross-examination of whatever witness Defendant uses to introduce this document. All the issues raised by Plaintiff in its motion – the fact that the document is not binding,

5

that it was not expressly adopted by the parties, and that it was issued after the events giving rise to this case – provide ample fodder for trial. That being the case, the Court finds that it would not be unduly prejudicial to allow the document's admission, given its obvious probative value as an industry expression of an architect's standard of care. The Court **denies** Plaintiff's Motion in Limine [75].

## C. *Defendant's Motion to Strike [79] Plaintiff's Third Supplemental Discovery Responses*

Defendant argues that the Court must strike Plaintiff's Third Supplemental Discovery Responses and the new exhibits attached thereto because they were first produced ten days after the discovery deadline. Alternatively, Defendant contends that the Court should permit it to conduct limited out-of-time discovery related to the supplemental responses. The only specific measures Defendant proposes are that it be permitted to depose Scott Addison and Bill O'Keefe, and issue its own supplemental expert reports to address the new exhibits.

The disputed exhibit is a spreadsheet that purports to list "Design Defects, Cost to Cure and Delay Damages." *See* Exhibit E to Motion to Strike at 6-9, *John C. Nelson Const., LLC v. Britt, Peters & Assocs., Inc.*, No. 2:18-CV-222-KS-MTP (S.D. Miss. Apr. 23, 2020), ECF No. 79-5. The spreadsheet includes descriptions of certain aspects of the construction job, the change order numbers, a description of communications among the parties, the cost to make the change, the alleged delay in construction time, and the alleged cost to Plaintiff caused by the delay. *Id.* It is undisputed that these were documents Plaintiff used to support its demand for

6

damages from Mar-Jac in the arbitration discussed in the Court's previous opinion.

Defendant argues that these documents were not timely disclosed, which Plaintiff admits in briefing. Defendant contends that Plaintiff is trying to "backdoor" expert testimony by Bill O'Keefe, the expert who testified on its behalf in the arbitration with Mar-Jac. Plaintiff denies that it intends to introduce testimony by O'Keefe at trial, and it notes that the spreadsheet only narrows the scope of damages claimed in this suit and provides more specific calculations of damages.

Plaintiff admits that the documents were not timely disclosed. Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike a witness's testimony for a party's failure to disclose it, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

Plaintiff did not provide any explanation for its failure to timely disclose the

7

spreadsheet. The document appears to be important, however, in that it provides substantial detail regarding Plaintiff's computation of damages. Defendant would be prejudiced if the Court allowed the document's admission, in that Defendant has not had an opportunity to question Plaintiff's general manager about the document or to obtain an opinion from its expert. However, the Court believes that the prejudice can be cured.

    The Court **grants in part and denies in part** Defendant's Motion to Strike [79]. The Court grants the motion insofar as Defendant requests an opportunity to conduct limited out-of-time discovery. Defendant may reconvene the deposition of Scott Addison for the limited purpose of discussing the late disclosures in Plaintiff's Third Supplemental Discovery Responses. The reconvened deposition may not exceed **two hours** in length. Defendant may also obtain any supplemental opinions from its experts that it deems necessary regarding the supplemental disclosure. All of this must be completed before the pretrial conference scheduled for **October 15, 2020**. Addison must make himself available for deposition, and the Court strongly suggests that the parties work together to get this done as quickly as possible. The Court declines to shift any costs associated with this additional discovery in that Defendant would have incurred the costs anyway if Plaintiff had timely disclosed the information.

    The Court denies the motion in all other respects. Defendant need not depose William O'Keefe in that Plaintiff has stipulated that O'Keefe will not be offered as a

witness at trial. To the extent that Defendant objects to the admission of Addison's testimony regarding the disputed spreadsheet on grounds other than its late disclosure, the Court declines to presently address such objections because 1) they were not raised in Defendant's initial brief in support of the motion to strike, and 2) such matters are better addressed at trial when the Court can hear Addison's live testimony.

### D.     *Plaintiff's Omnibus Motion in Limine [77]*

#### 1.     *Professional Licensure Status of Plaintiff's Expert, John Buziak*

In its Omnibus Motion in Limine [77] Plaintiff first argues that the Court should exclude any evidence regarding the professional licensure status of its expert, John Buziak. Buziak obtained licensure as an engineer in Mississippi after his report and deposition. Plaintiff contends that any evidence of this is irrelevant to the issues in the case, and that the probative value of such evidence is outweighed by the danger of unfair prejudice.

The Court denies this aspect of Plaintiff's motion. Buziak's licensure history is relevant to his credibility as an expert witness, and there is little danger that this issue will cause any unfair prejudice. If Defendant brings up the issue in cross-examination, Plaintiff will be free to address it in redirect. The Court notes, however, Defendant will not be permitted to argue to the jury that Buziak should be disqualified or that he is not a competent witness under Rule 601 and Mississippi law. Those are issues for the Court to address, not the jury, and the Court has already

made its ruling.

*2.     Evidence of Plaintiff's Income, Profit, Earnings from the Mar-Jac Project*

Plaintiff argues that the Court should exclude any evidence of its income, profit, or earnings from the Mar-Jac project, including any income or earnings distributed to its members, Johnny Nelson and Scott Addison, or any amount paid to its project manager, Scott Addison. Plaintiff contends that such evidence is irrelevant to the issues in the case, and that its probative value is outweighed by the danger of unfair prejudice.

The Court denies this aspect of Plaintiff's motion. Scott Addison is a key witness for Plaintiff, and the amount of money 1) he made off the project already, and 2) stands to make if Plaintiff recovers further funds is relevant to his credibility as a witness.

*3.     Prior Business Ventures*

Plaintiff argues that the Court should exclude any evidence of prior construction projects, business ventures, or failed businesses owned by its members, Johnny Nelson and Scott Addison. Plaintiff contends that such evidence is irrelevant to the issues in this case.

The Court presently denies this aspect of Plaintiff's motion. Plaintiff's past performance as a company and Nelson and Addison's past performance as contractors/business owners could be relevant to determining who was at fault for the delays in the Mar-Jac project. Plaintiff has already blamed Mar-Jac in arbitration,

10

and in this litigation blames Defendant. It's only fair that Defendant be permitted to redirect the blame. Moreover, Scott Addison will be one of Plaintiff's key witnesses, and this evidence could be relevant to his credibility. The Court is willing to entertain more specific objections at trial if Defendant goes too far afield and the connection to this matter becomes too tenuous.

    *4.*    *Certain Witnesses*

Finally, Plaintiff argues that the Court must exclude the testimony of three of Defendant's expert witnesses – Vince Chapman, David Pearson, and Gerald Driver. However, Plaintiff did not address or discuss any specific testimony by these witnesses. Moreover, Plaintiff did not direct the Court to copies of their expert reports or deposition transcripts. The Court can not address the admissibility of evidence it has never seen, and the Court is not obligated to search through the record for materials in support of Plaintiff's motion. Therefore, the Court presently denies this aspect of Plaintiff's motion, without prejudice to Plaintiff's right to raise more specific objections at trial.

SO ORDERED AND ADJUDGED this 17th day of September, 2020.

    /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE